STATE OF NORTH CAROLINA v. JAMES MICHAEL KETCHIE

No. 79

(Filed 31 January 1975)

1. **Constitutional Law § 31— identity of confidential informant — disclosure not required**

    A defendant charged with possession of marijuana with intent to distribute and possession of MDA had no constitutional right to disclosure of the identity of a confidential informant who furnished information essential to a finding that officers had probable cause to arrest and search defendant without a warrant but who did not participate in or witness the alleged crimes so as to make him a material witness on the issue of guilt or innocence.

2. **Searches and Seizures § 1— warrantless arrest and search — confidential informant — probable cause — absence of underlying circumstances — description of defendant**

    An officer had probable cause to arrest defendant and search his car for marijuana without a warrant on the basis of the minute particularity with which a reliable informant described defendant and his car and the physical and independent verification of this description by the officer, notwithstanding the informant did not relate to the officer any of the underlying circumstances to support his belief that defendant was transporting marijuana.

    Justices COPELAND and EXUM did not participate in the hearing or decision of this case.

DEFENDANT appeals from decision of the Court of Appeals, 22 N.C. App. 637, 207 S.E. 2d 364 (1974), upholding judgment of *Thornburg, J.,* 15 October 1973 Session, FORSYTH Superior Court.

In two bills of indictment, consolidated for trial, defendant was charged with (1) possession of marijuana with intent to distribute and (2) possession of 3, 4-methylenedioxy amphetamine (MDA), a Schedule I controlled substance.

The State's evidence tends to show that shortly before 7:30 p.m. on 16 May 1973 Officer M. M. Choate of the Winston-Salem Police Department received a telephone call from a reliable informant that marijuana was en route from High Point to Fairchild Industries in Winston-Salem. Officer Choate was told that the drug was being transported in a 1968 Oldsmobile, white over blue convertible, license ADE-269, driven by a white male approximately twenty-one years of age with long brown hair and a moustache. The informant told Officer

Choate that the drugs would arrive at Fairchild Industries at approximately 7:30 p.m. Officer Choate immediately contacted other officers by radio and they met him at North Liberty Street and Fairchild Drive where a surveillance was set up. Within five minutes thereafter a white over blue Oldsmobile convertible with license ADE-269 approached Fairchild Industries. The vehicle was driven by defendant, a white male with long brown hair and a moustache. Officer Choate stopped the vehicle at the entrance to Fairchild Industries and advised defendant he had information the vehicle was being used to transport marijuana. After thus restricting defendant's freedom of movement, Officer Choate searched the Oldsmobile and found three plastic bags on the right rear floorboard and three additional plastic bags in the trunk all of which contained, in the aggregate, 2,246 grams of marijuana. Also found were several plastic bags containing MDA.

Upon a voir dire conducted to determine the legality and constitutionality of the search and seizure, Officer Choate testified that he had no knowledge of defendant prior to the phone call from the reliable informant; that he had engaged in discussions with the informer on numerous occasions when information had been furnished which proved to be reliable; that he did not ask his informant how he obtained his information about the presence of the drugs in defendant's Oldsmobile and the informant did not relate any of the underlying circumstances.

At this point in the voir dire defense counsel asked Officer Choate to state whether his informant was one Jimmy Louis Felder but the trial court sustained the State's timely objection and refused to require the prosecution to disclose the identity of the informant. The defendant tendered evidence, which the court refused to consider, that the informant was, in fact, one Jimmy Louis Felder and that Mr. Felder was not only unreliable but had denied ever talking to Officer Choate on the night in question.

At the close of the evidence on voir dire the trial court found that Officer Choate had received information from a person known to him and from whom he had previously received reliable information concerning the drug traffic; that the officer had previously received information from the same informant on which an arrest was made and a conviction obtained; that the informant was not asked and did not state the

basis for his information but did describe the Oldsmobile and its driver with minute particularity, which description was precisely in accord with the car and driver apprehended minutes later. Based on the findings, the court concluded that the identity of the informant should not be disclosed; that the officer had probable cause to stop and immediately search the vehicle; and that the evidence obtained from the vehicle was competent and should be admitted in evidence before the jury. Defendant's motion to suppress was thereupon overruled. To the ruling of the court in the foregoing respects, defendant in apt time objected and excepted.

Defendant was convicted by the jury on both charges and sentenced to two years as a youthful offender. The Court of Appeals upheld the conviction and judgment, and defendant appealed to the Supreme Court alleging involvement of a substantial constitutional question.

*James H. Carson, Jr., Attorney General; Ralf H. Haskell, Assistant Attorney General, for the State of North Carolina.*

*White and Crumpler by Fred G. Crumpler, Jr. and Michael J. Lewis, attorneys for defendant appellant.*

HUSKINS, Justice.

The sole question brought forward on defendant's appeal to this Court is whether the prosecution is privileged to refuse disclosure of the informer's identity. Both the trial court and the Court of Appeals answered in the affirmative and defendant urges reversal of that decision.

The general rule, subject to certain exceptions and limitations, recognizes the prosecution's privilege to withhold the identity of an informer. *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973) ; *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971) ; *State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399, appeal dismissed, 402 U.S. 1006, 29 L.Ed. 2d 428, 91 S.Ct. 2199 (1971) ; Annotation, Accused's Right To, And Prosecution's Privilege Against, Disclosure Of Identity Of Informer, 76 A.L.R. 2d 262 (1961). The privilege is founded upon public interest in effective law enforcement and its application turns on the facts of each particular case. *State v. Boles,* 246 N.C. 83, 97 S.E. 2d 476 (1957). These principles were ar-

ticulated by Justice Burton in *Roviaro v. United States,* 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957), as follows:

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. . . . The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*       *       *       *

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

*Roviaro* makes two things clear: (1) There is a distinct need for an informer's privilege but the general rule of nondisclosure is not absolute, and (2) disclosure is required where the informer directly participates in the alleged crime so as to make him a material witness on the issue of guilt or innocence.

**[1]** The issue here concerns probable cause for an arrest and search without a warrant, not guilt or innocence; hence, *Roviaro* is not controlling on the facts in this case. Instead, we are guided by *McCray v. Illinois,* 386 U.S. 300, 18 L.Ed. 2d 62, 87 S.Ct. 1056 (1967), which dealt with disclosure of an informer's identity on a motion to suppress evidence obtained in a warrantless arrest and search. In that case the Court held that defendant had no constitutional right to disclosure of the informer's identity even though the information furnished by him was essential to a finding that the officers had probable cause to make the arrest and search.

In *McCray* the informant told police officers that defendant would be on a street corner at a particular time and that he

would be in possession of narcotics. McCray appeared on the corner at the designated time and the informant pointed him out to the officers who arrested McCray without a warrant and discovered the narcotics on his person. Relying upon *Draper v. United States*, 358 U.S. 307, 3 L.Ed. 2d 327, 79 S.Ct. 329 (1959), the United States Supreme Court held there was probable cause on those facts to sustain the arrest and incidental search. In reviewing defendant's argument that he was entitled to know the identity of the informant, the Court sustained an established principle in Illinois law that "when the issue is not guilt or innocence, but . . . the question of probable cause for an arrest or search . . . police officers need not invariably be required to disclose an informant's identity if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a reliable informant."

In *Draper v. United States, supra,* a case dealing with probable cause for arrest, a particular informant named Hereford told police that Draper had gone to Chicago by train on September 6 and would bring back three ounces of heroin, returning to Denver by train either on the morning of September 8 or the morning of September 9. Hereford gave the police a detailed description of Draper and of the clothing he was wearing and said Draper would be carrying a tan zipper bag and that he habitually "walked real fast." Draper was arrested without a warrant on September 9 after leaving an incoming Chicago train. He had the exact physical attributes and was wearing the precise clothing described by the informant. A search incident to the arrest uncovered two envelopes of heroin. The informant had previously given reliable information to the police. On these facts the Court held that the officer had reasonable grounds to believe that defendant possessed heroin, once the officer had verified by personal observation every facet of the information. Speaking of the officer, the Court said:

> "And when, in pursuing that information, he saw a man, having the exact physical attributes and wearing the precise clothing and carrying the tan zipper bag that Hereford had described, alight from one of the very trains from the very place stated by Hereford and start to walk at a 'fast' pace toward the station exit, Marsh [the arresting officer] had personally verified every facet of the information given him by Hereford except whether peti-

tioner had accomplished his mission and had the three ounces of heroin on his person or in his bag. And surely, with every other bit of Hereford's information being thus personally verified, Marsh had 'reasonable grounds' to believe that the remaining unverified bit of Hereford's information—that Draper would have the heroin with him— was likewise true."

In *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969), the Court adhered to its views expressed in *Draper v. United States, supra,* with respect to information furnished "with minute particularity" by an informant and said: "A magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way."

[2]  So it is here. The additional information acquired by Officer Choate by personal observation corroborated the informant's tip in every minute detail—(1) defendant's time of arrival, (2) from High Point, (3) destination Fairchild Industries, (4) driving a 1968 Oldsmobile, (5) white over blue convertible, (6) license ADE-269, (7) driven by a white male, (8) approximately twenty-one years of age, (9) with long brown hair and (10) a moustache. With no time to obtain a warrant, Officer Choate contacted two other officers by radio and they set up a surveillance near the entrance to Fairchild Industries. Approximately fifteen minutes had elapsed from the time the information was received from the informant until Officer Choate stopped defendant. Certainly, under these facts and circumstances, the officers had probable cause and reasonable grounds to believe that defendant was violating the laws of this State relating to controlled substances at the time they arrested him and searched his car. The warrantless arrest, search and seizure were therefore lawful. Compare *State v. Edwards,* 286 N.C. 162, 209 S.E. 2d 758 (1974), where the informant's tip contained neither underlying circumstances nor minute particularity sufficient to support a finding of probable cause to issue a search warrant.

[1]  Defendant has made no defense on the merits and does not contend that the informant participated in or witnessed the alleged crime. Therefore, he has no constitutional right to discover the name of the informant. *McCray v. Illinois, supra; Roviaro v. United States, supra; United States v. James,* 466 F. 2d 475 (D.C. Cir. 1972). As stated by the Court in *McCray v. Illinois, supra:* "Nothing in the Due Process Clause of the Four-

teenth Amendment requires a state court judge in every such hearing to assume the arresting officers are commiting perjury."

We further hold that defendant has not been deprived of his Sixth Amendment right to confront and cross-examine the witnesses against him by reason of their refusal to reveal the informant's name. Otherwise, "no witness on cross-examination could ever constitutionally assert a testimonial privilege, including the privilege against compulsory self-incrimination guaranteed by the Constitution itself. We have never given the Sixth Amendment such a construction, and we decline to do so now." *McCray v. Illinois, supra; Cooper v. California,* 386 U.S. 58, 17 L.Ed. 2d 730, 87 S.Ct. 788 (1967).

[2]   In his supplemental brief filed in this Court, defendant did not raise or discuss his assignment urged in the Court of Appeals relating to lack of probable cause; and in oral argument here, counsel stated that the assignment had been abandoned. Even so, as heretofore noted, probable cause to arrest and search defendant existed on the basis of the minute particularity with which the informant described defendant and the physical and independent verification of this description by Officer Choate. *Whiteley v. Warden,* 401 U.S. 560, 28 L.Ed. 2d 306, 91 S.Ct. 1031 (1971); *McCray v. Illinois, supra; Draper v. United States, supra.*

For the reasons stated the decision of the Court of Appeals is

Affirmed.

Justices COPELAND and EXUM did not participate in the hearing or decision of this case.