State v. Hardy

STATE OF NORTH CAROLINA v. JOHNNY OTIS HARDY

No. 7621SC286

(Filed 6 October 1976)

Arrest and Bail § 3; Searches and Seizures § 1— warrantless arrest — probable cause — search incident to arrest

    An officer had probable cause to believe that defendant had committed a criminal offense in the officer's presence and that defendant had committed the felony of possessing LSD, and the officer's arrest of defendant without a warrant was lawful, where the officer received information from an informant whose reliability he did not know that someone was dealing in drugs at a certain location; the officer directed a second informant, who had previously furnished reliable information, to go to the location to find additional information; the second informant told the officer that a described person was at that time at the location engaged in selling LSD; the officer went to the scene accompanied by another officer and there found defendant, dressed in the manner described by the second informant; the officers observed defendant for several minutes, during which time his actions were consistent with the activity of selling LSD; and when the officers approached, defendant started walking rapidly away. Consequently, the officer's search of defendant incident to the arrest was lawful, and defendant's motion to suppress LSD and marijuana found during the search was properly denied.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 19 January 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 24 August 1976.

Defendant was indicted for felonious possession of LSD. His motion to suppress all evidence obtained by a warrantless search of his person was denied. Defendant pled guilty and now appeals from judgment sentencing him to prison.

*Attorney General Edmisten by Associate Attorney David S. Crump for the State.*

*Stephens, Peed & Walker by Herman L. Stephens for defendant appellant.*

PARKER, Judge.

By this appeal defendant contests the validity of the order denying his motion to suppress evidence. Appellate review is authorized by G.S. 15A-979 (b).

At the voir dire hearing held on defendant's motion, the State presented the testimony of R. S. Inscore, a narcotics investigator for the City of Winston-Salem. Inscore testified he received information by telephone from an informer, with whom he had talked in the past but whose reliability he did not know, that a man called "Johnny" was dealing in drugs in the sixteen hundred block of North Liberty Street. Based on this information Officer Inscore contacted a second informer, gave him the information he had received from the first informant, and directed him to go to the sixteen hundred block of North Liberty Street to find additional information. The second informer was a person with whom Officer Inscore talked two or three times a week, and every time this informer had given information Inscore had "checked it and found it to be totally true and accurate." At 10:45 p.m. on 13 November 1975, about three hours after Officer Inscore had sent the second informer on his mission, the second informer phoned Inscore back and told him that "a black male with a blue and orange toboggan and a brown leather jacket was in front of Verdie's Grill selling LSD." Officer Inscore and Sergeant Tise then drove to a location near Verdie's Grill, arriving there ten or fifteen minutes after receiving the telephone call from the second informant. As a narcotics investigator, Officer Inscore knew the area in and around Verdie's Grill to be "probably the hottest place in town to buy drugs." Upon arriving in the area, Inscore observed a man wearing the toboggan hat and leather jacket described to him by the second informant. Officer Inscore recognized the man from the description given him, but he did not know the defendant and had never before met him. The defendant was standing in front of Verdie's Grill, and two or three other black males were standing next to him. The officer could see their hands moving, but could not say there was anything in their hands. After observing for five or ten minutes, Inscore got out of the car. As he did so, the defendant turned and started walking rapidly down Liberty Street. Officer Inscore hollered for the defendant to stop. Inscore testified, "He (the defendant) did not break into a run because I grabbed him." Inscore identified himself, and told defendant he had received

State v. Hardy

information that defendant possessed LSD. The officers then searched defendant and found in the front of his jacket a brown paper bag which contained eight envelopes of marijuana and a plastic vial which contained forty-two foil wrapped packages of what was later determined to be LSD.

Defendant offered no evidence at the voir dire hearing. The court entered an order finding that Officer Inscore had probable cause to stop and search defendant and that the search did not violate any of defendant's constitutional rights. Accordingly, the court denied defendant's motion to suppress the evidence. The validity of this ruling is the only question presented by this appeal. We find no error in the court's ruling.

"A police officer may search the person of one whom he has lawfully arrested as an incident of such arrest. . . . In the course of such search, the officer may lawfully take from the person arrested any property which such person has about him and which is connected with the crime charged or which may be required as evidence thereof. If such article is otherwise competent, it may properly be introduced in evidence by the State." *State v. Roberts,* 276 N.C. 98, 102, 171 S.E. 2d 440, 443 (1970). The question thus becomes whether the warrantless arrest of defendant was lawful under all of the circumstances disclosed by the evidence in this case. We hold that it was.

An officer may arrest without a warrant any person who the officer has probable cause to believe (1) has committed a criminal offense in the officer's presence, or (2) has committed a felony. G.S. 15A-401(b). The evidence in the present case supports the conclusion that Officer Inscore had probable cause to believe both that defendant had committed a criminal offense in the officer's presence and that defendant had committed a felony. Probable cause to believe either would have sufficed to make the warrantless arrest lawful.

"Probable cause and 'reasonable ground to believe' are substantially equivalent terms." *State v. Harris,* 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971). The reasonable ground for belief, which is an element of the officer's right to arrest without a warrant, "may be based upon information given to the officer by another, the source of such information being reasonably reliable. Upon this question it is immaterial that such information, being hearsay, is not, itself, competent in evidence

at the trial of the person arrested." *State v. Roberts, supra* at 107.

In the present case, the first information coming to the officer was from an informant whose reliability he did not know. Quite properly the officer did not rely on that information to make an arrest. Instead, he used the information solely as the basis for making a further investigation. He did this initially by seeking and obtaining the assistance of an undercover informant who, on previous contacts, had consistently furnished him information which, when checked, was found to be "totally true and accurate." When he received information from this informant of known reliability that a described person was at that time at a particular location engaged in selling LSD, he went to the scene accompanied by another officer. There they found the defendant, dressed in the manner described by the second informant. The officers observed the defendant for several minutes, during which time his actions were consistent with the activity of selling LSD. When the officers approached, defendant started walking rapidly away. Thus, the officer's own observations and defendant's activities in the officer's presence served to verify the information furnished by the reliable informant.

Lysergic acid diethylamide (LSD) is a Schedule I controlled substance. G.S. 90-89(c). Except as authorized by Article 5 of G.S. Ch. 90, possession of LSD is a felony. G.S. 90-95(d)(1). In our opinion, and we so hold, under all of the circumstances disclosed by the record in this case, the officer had probable cause to believe that defendant committed the felony of possessing LSD. Under G.S. 15A-401(b) it was lawful for the officer to arrest the defendant without a warrant. There was no violation of defendant's Fourth Amendment rights. *See United States v. Watson,* 423 U.S. 411, 46 L.Ed. 2d 598, 96 S.Ct. 820 (1976).

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.