STATE OF NORTH CAROLINA v. DAVID AMBROSE ODOM

No. 7726SC868

(Filed 21 February 1978)

**1. Searches and Seizures § 8— search before formal arrest—search incident to arrest**

A search of a suspect's person before his formal arrest is justified as incident to the arrest where probable cause to arrest existed prior to the search and the evidence seized was in no way necessary to establish the probable cause.

**2. Searches and Seizures § 8— search incident to arrest—probable cause for arrest**

An officer had probable cause to arrest defendant for possession of heroin before the discovery of the heroin on defendant's person, and a warrantless search of defendant before his formal arrest was lawful as being incident to the arrest, where a reliable informant, who had himself sold heroin, told the officer that he had seen heroin on defendant's person and that defendant was taking another person to a certain house so that the other person could buy heroin; the informant later told the officer that defendant and his companion had been delayed while the companion sought money; shortly thereafter the officer observed defendant and his companion arrive at the described location in defendant's car and the companion go into the house and return to defendant's car; the officers stopped defendant's car and discovered packets of heroin on defendant's person; and the officer had used the same informant on previous occasions and his information had proved reliable in the past.

APPEAL by defendant from *Baley, Judge.* Judgment entered 8 June 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 February 1978.

Defendant was indicted for the felonious possession of heroin, a controlled substance. At his trial, before any evidence was presented to the jury, defendant moved to suppress evidence which was seized during a search of defendant. Following the denial of his motion, defendant pleaded guilty.

During the *voir dire* hearing held on defendant's motion to suppress, the State's evidence tended to show that H. F. Frye of the Charlotte Police Department had received information about defendant at approximately 11:30 p.m., 17 August 1976. Frye testified that he received a phone call from a reliable informant who told him that Odom had heroin on his person and that Odom was taking Harvey Gray to Joe Flowe's house so that Gray could get some heroin. Frye stated that he had received information

from the informant on previous occasions and had found such information reliable.

Frye, along with Officer Dellinger, then drove to Plymouth Avenue and parked near the house at 213 Plymouth, Flowe's house. After sitting in his pickup truck for thirty minutes, Frye, seeing no sign of defendant, left and had another conversation with the informant. At that time the informant told Frye that Gray's money was short but that Gray had been able to obtain the money. According to the informant, who had overheard a conversation between Gray and defendant, the two men were leaving for Flowe's house at that time. Frye returned to his position at 213 Plymouth and thereafter observed Gray and defendant arrive in defendant's car.

Gray got out of the car and went to Flowe's house where he had a conversation with Flowe for about five minutes. At one point the two men looked at Frye's truck. Gray then left the house and returned to defendant's car, and Flowe pulled a gun from his person, pointed it at Frye, and yelled at Frye to come out. Gray and defendant then left the area in defendant's car which was stopped later by a patrol car driven by Officer Hawks. Frye was also in the patrol car. He testified that he told defendant the information they had and that he watched Hawks "pat down" the defendant. Hawks called Frye's attention to a needle and syringe, five packets of suspected heroin, and some pills. Frye then placed defendant under arrest. R. D. Hawks testified that he had searched defendant and found the heroin in defendant's hat.

Defendant put on evidence tending to show that he had been stopped by the two officers and that one of them had ordered him to strip from the waist down. Defendant denied ever having used heroin and stated that one of the officers could have pulled the packets from his pockets.

The trial court entered its findings of fact and concluded that there were ample grounds upon which to base probable cause to arrest and search the defendant, that evidence uncovered by that search was admissible in evidence, and that Officer Frye did not have sufficient time to secure a warrant. To these conclusions defendant excepted and appealed.

*Attorney General Edmisten, by Assistant Attorney Sandra M. King, for the State.*

*Michael S. Scofield, Public Defender, by Assistant Public Defender Richard D. Boner, for defendant appellant.*

ARNOLD, Judge.

Appellate review of the order denying defendant's motion to suppress evidence is authorized by G.S. 15A-979(b).

Defendant argues that there was no probable cause for the search of his person, that no existing circumstances permitted a warrantless search of defendant, and that the trial court therefore erred in denying his motion to suppress evidence seized in that search. We do not agree.

[1] In *State v. Wooten*, 34 N.C. App. 85, 237 S.E. 2d 301 (1977), this Court held that where a search of a suspect's person occurs before, instead of after, formal arrest, such search can be equally justified as "incident to the arrest" provided probable cause to arrest existed prior to the search and provided it is clear that the evidence seized was in no way necessary to establish the probable cause.

Our Supreme Court has defined probable cause as follows:

"Probable cause and 'reasonable ground to believe' are substantially equivalent terms. 'Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty . . . . To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith. One does not have probable cause unless he has information of facts which, if submitted to a magistrate, would require the issuance of an arrest warrant.' "

*State v. Harris*, 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971).

[2] Defendant argues that the State failed to show that Officer Frye had enough information to satisfy a magistrate that a warrant should be issued. He relies on *Aguilar v. Texas*, 378 U.S. 108,

12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964), and contends that the *Aguilar* two-pronged test by which an informant's information is judged was not met. In the *Aguilar* decision the United States Supreme Court stated that although an affidavit filed by police officers may be based on hearsay information and need not reflect direct personal observations of the affiant, the magistrate must be apprised of (1) some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed them to be, and (2) some of the underlying circumstances by which the officer concluded that the informant was credible. *Id.* at 114, 12 L.Ed. 2d at 729, 84 S.Ct. at 1514.

In the present case Officer Frye had sufficient information to meet both tests. First, a reliable informant, who had himself sold heroin, told Frye in the first conversation that he had seen the heroin on defendant's person; furthermore, he gave him details about the purchase to be made at Flowe's house. In their second conversation the informant told Frye that he had overheard Gray and the defendant, and that the two of them were delayed while Gray sought money. Secondly, Officer Frye testified that he had used the same informant on previous occasions and that he had been reliable in the past. Even without considering the evidence of the gun drawn by Flowe, we conclude that there was probable cause to arrest defendant and that the search incident to the arrest was lawful.

Defendant's second argument is that the search was illegal because the police officers failed to get a search warrant under conditions which required a search warrant. Since we have already concluded that this search was incident to an arrest — an exception to the rule requiring warrants — defendant's argument has no merit. Moreover, an officer may arrest without a warrant any person who the officer has probable cause to believe (1) has committed a criminal offense in the officer's presence, or (2) has committed a felony. G.S. 15A-401(b). *See, e.g. State v. Hardy*, 31 N.C. App. 67, 228 S.E. 2d 487 (1976). Officer Frye, based on the evidence in this case, had probable cause to believe that defendant had committed a criminal offense in his presence and that defendant had committed a felony.

Affirmed.

Judges PARKER and MARTIN concur.