STATE OF NORTH CAROLINA v. VIRGINIA HINSON BUNN

No. 778SC813

(Filed 18 April 1978)

1. **Constitutional Law § 67; Searches and Seizures § 43— motion to sup-press—identity of informant—evidence of existence of informant**

In a proceeding on a motion to suppress, there was sufficient corrobora-tion of an informant's existence independent of testimony by the officer to whom the informant gave information about defendant's possession of mari-juana so that the identity of the informant was not required to be disclosed to defendant pursuant to G.S. 15A-978(b) where a second officer's testimony established that he knew of the existence of the informant on the day of defendant's arrest, and where the second officer and an SBI agent testified that the first officer correctly predicted that defendant would be leaving her home at a certain time with marijuana in her possession and stated that he had received such information from the informant.

2. **Searches and Seizures § 11— warrantless search of automobile—probable cause**

Officers had probable cause to search defendant's automobile without a warrant for marijuana where an officer twice received information from a reliable informant concerning defendant's possession of marijuana; the infor-mant told the officer that he had learned from overhearing one end of a telephone conversation that defendant would move the marijuana from her residence to the north end of town within 30 minutes; and defendant left her house at the time indicated carrying a large paper bag and drove off toward the north end of town.

APPEAL by defendant from *Browning, Judge.* Judgment entered 19 May 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 1 February 1978.

Defendant was indicted for possession of marijuana with in-tent to sell the same. She moved to suppress the State's evidence, and after a hearing, the motion was denied. Defendant, thereupon, entered a plea of guilty and judgment was entered. The appeal is

from the order denying the motion to suppress and is taken pursuant to G.S. 15A-979(b).

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant appellant.*

VAUGHN, Judge.

The State offered evidence at the suppression hearing tending to show the following. At approximately 6:00 a.m. on 1 December 1976, Officer Uzzell received a call from a confidential informant advising him that he had information that defendant was holding some marijuana. Uzzell had received reliable information from this informant for a period of three years. The information so given had led to five or six arrests. The informant did not say where defendant was holding the marijuana but gave the impression she had it at her house. Uzzell told the informant to get more information. Uzzell set up surveillance of defendant's house and, at 9:30 a.m., called the informant on the telephone. He was told by the informant that he had just been in a house on Lime Street and had overheard someone talking to defendant on the telephone. The informant said that he could tell from the conversation that defendant was planning to move the marijuana to the north end of town within thirty minutes. About twenty-five minutes later, defendant was observed leaving her house carrying a large brown paper bag. She got into her car and began driving toward the north end of town. At that time Uzzell and other officers stopped defendant's car and searched it. They found one pound of marijuana in the brown paper bag. Defendant was then arrested. About thirty minutes after defendant's arrest, Uzzell had his informant repeat the information which he had given Uzzell to Officer Parker for verification of the informant's existence. Officer Parker subsequently died. Because of Parker's death Uzzell, in March, 1977, called the informant and had him repeat the information to Officer Jones. Jones had participated in the search and arrest of defendant. Before the arrest, Uzzell had told Jones about the informant and the information he had given

him about defendant. Jones knew the informant and had received information from him which had led to at least three arrests.

[1]    Defendant first argues that the judge erred when he refused to compel Officer Uzzell to disclose the identity of his confidential informant. The request was made under the provisions of G.S. 15A-978(b) which provides, in pertinent part, as follows:

> "In any proceeding on a motion to suppress evidence . . . in which the truthfulness of the testimony presented to establish probable cause is contested and the testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the defendant is entitled to be informed of the informant's identity unless . . . (2) There is corroboration of the informant's existence independent of the testimony in question."

Defendant argues that there is no evidence of the informant's existence independent of Uzzell's testimony. We disagree. The *reliability* of the informant is not relevant on the question of whether the statute requires that his identity be disclosed. As the State points out, the statute only requires corroboration of the informant's *existence* at the time he is supposed to have given the confidential information. The testimony of Officer Jones tends to establish that he knew of the existence of the informant on the day of the arrest and was well acquainted with the informant. The State need not rest on what the informant told Jones at some later date. The existence of the informant may be corroborated in many ways. The official commentary following the statute points out that the section was derived from the American Law Institute's Model Code of Pre-Arraignment Procedure. In reviewing the comments to that code, it is clear that the drafters envisioned much more flexibility in corroborating testimony, including such things as the officer's prediction to others of certain events of which he could not personally know, accompanied by a declaration that his informant has told him so. A.L.I., Model Code of Pre-Arraignment Procedure (1975), § SS 290.4 at 575. Officer Jones also testified that early on the morning of 1 December, Officer Uzzell told him that the informant had said that defendant had marijuana. He also testified that Uzzell radioed him before he went to contact the informant again at 9:30 a.m. and called back shortly to say, "he had made contact with the

informer and that Mrs. Bunn [defendant] would be leaving her residence within the next thirty minutes with the marijuana." Special Agent Surratt watched from a nearby car as Officer Uzzell made a telephone call. The officer came to the car afterwards and told him that, "he had received word from the informant that Mrs. Bunn [defendant] was going to leave her house in about thirty minutes to make a delivery of marijuana on the other side of town." These predictions of defendant's future behavior tend to show the existence of the informant. The corroboration was sufficient to meet the statutory requirement of G.S. 15A-978(b). The State was not, therefore, required to identify the informant.

[2] Defendant also assigns as error the finding of the court that a warrantless search of defendant's automobile was constitutionally permissible. "[A]n automobile or other vehicle may be searched without a warrant when the officers have a reasonable or probable cause to believe that the vehicle is illegally transporting contraband materials." *State v. Allen*, 282 N.C. 503, 515, 194 S.E. 2d 9, 18 (1973); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 453 (1925). Probable cause to search has been defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." *State v. Allen, supra*, at 516, 194 S.E. 2d at 18-19. In this case, Officer Uzzell had twice received information concerning defendant's possession of marijuana from an informant he had reason to trust. The informant told him that the marijuana would be moved in about thirty minutes to the north end of town and explained that he had learned this by overhearing one end of a telephone conversation and named the place where he had heard it. When defendant left her house at approximately the time indicated carrying a bag large enough to contain the indicated drugs and drove off toward the north end of town, the officers who had her under surveillance had both a reasonable suspicion of her guilt and circumstances which reasonably reinforced their belief. Therefore, they had probable cause to make the search. *See State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975); *State v. Frederick*, 31 N.C. App. 503, 230 S.E. 2d 421 (1976).

Defendant's remaining assignments of error have been carefully considered. We find no prejudicial error.

Affirmed.

Judges CLARK and ERWIN concur.