STATE OF NORTH CAROLINA v. KEITH EUGENE COLLINS

No. 7921SC549

(Filed 4 December 1979)

1. **Criminal Law § 23— plea bargain—refusal of prosecution to honor—agreement not enforceable**

    A defendant has no constitutional right to a plea bargain, and a plea agreement, though signed by counsel for both parties, does not become an enforceable contract until agreed to by the trial judge; therefore, defendant's plea agreement was not specifically enforceable where the prosecutor, at the probable cause hearing, refused to honor the agreement, a plea of not guilty was entered, and defendant had not changed his position to his detriment in reliance on the agreement.

2. **Constitutional Law § 67— confidential informant—disclosure of identity not required**

    In a prosecution of defendant for possession of LSD and PCP, the trial court did not err in denying defendant's motion to compel the State to reveal the name and address of a confidential informant, since officers testified at a suppression hearing to the contents of the tip and their reasons for believing the informant to be reliable; furthermore, G.S. 15A-978(b) did not require the State to disclose the informant's name since testimony by an officer that he accompanied another officer and an informant to the place where defendant was selling drugs and that he saw substantially what the other officer had testified to seeing occur there was sufficient corroboration of the second officer's testimony to show the existence of the informant at the time of the tip.

---

State v. Collins

---

**3. Searches and Seizures § 10— search after warrantless arrest—probable cause**

There was no merit to defendant's contention that he was entitled to suppression of drugs seized at the time of his warrantless arrest because the officer failed to comply with G.S. 15A-401(b), since an informant's information combined with the officer's observations at the scene gave the officer reasonable grounds to believe a crime was being committed in his presence.

**4. Searches and Seizures § 47— motion to suppress evidence—nonexistence of confidential informer—admissibility of evidence**

Under G.S. 15A-978(c) the court should have considered defendant's evidence offered to show the nonexistence of a confidential informant, and failure to do so at the suppression hearing was prejudicial error.

APPEAL by defendant from *Walker (Hal H.), Judge.* Judgment entered 12 April 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 24 October 1979.

Defendant was indicted for possession of lysergic acid diethylamide (LSD) (Case # 79CR9602) and possession of phencyclidine (PCP) (Case # 79CR9603). He moved to dismiss for the State's failure to honor a plea bargain, to suppress evidence, and to compel the State to reveal the name and address of an informant. These motions were denied.

The State presented evidence that on the afternoon of 3 January 1979, plain clothes officers of the Winston-Salem Narcotics Squad went in an unmarked car to Parkland High School. The officers had received information from an informant who had given reliable information several times in the past that drugs were being sold out of a van parked at the school every day between 2:00 and 2:15 p.m. The officers waited in their car 10 minutes before the van arrived. After the van drove up, Detective Rose saw approximately 15 people approach the van, put their hands into the windows, and then leave. Rose then had his informant go to the van with money to purchase narcotics. The informant waited behind a young white male at the side of the van, approached the van, and then went into the school, where he called Rose by telephone. He relayed the information that as he approached the van a woman at the van door had just purchased marijuana from the driver. The informant also saw a joint in the ashtray of the van. On the basis of this information, Rose searched the van. Defendant was in the driver's seat. In defendant's wallet Rose found a sheet of paper with 37 yellow dots, and Rose then arrested defendant. Defendant said he was cold, and

State v. Collins

asked for his leather jacket from the van. The only leather jacket in the van was later found to contain seven small bags of a white-yellowish powder and one little bag of green vegetable matter. Chemical analysis revealed the yellow dots to be LSD, the powder to be PCP, and the green vegetable matter to be marijuana.

Preston Whited testified for defendant that he is 18 years old and attends Parkland High School. On 3 January 1979 at about 2:00 p.m. Whited approached the van and asked defendant if he had any dope for sale. Neither approaching nor leaving the van did he see anyone else standing around the van.

Defendant was convicted and sentenced to 4-5 years in each case, to run consecutively. He appeals.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Stephens, Peed & Brown, by B. Ervin Brown II, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first assigns error to the court's refusal to dismiss for the State's failure to abide by a plea bargain, arguing that he has been deprived of his Sixth Amendment right to the effective assistance of counsel and his Fourteenth Amendment right to substantive due process.

On 17 January 1979 defendant and the State entered into a plea agreement, as follows:

> Keith Collins is charged with possession of LSD, PCP, and marijuana, and he is willing to cooperate fully with the WSPD in the giving of information and assistance to the WSPD which will lead to the arrest of known criminals. In return, the State will allow the defendant to plead guilty as charged in the Superior Court and will guarantee that he will not receive active time. That the defendant has three (3) months to perform tasks assigned to him by the WSPD to their satisfaction. The defendant agrees that he will not raise his speedy trials rights under Chapter 15. That the defend-

ant's cases now pending in District Court will be dismissed under the pretext of an illegal search.

s / H. COLE, Ass. D.A.
s / W. GRAINGER, WSPD
s / B. ERVIN BROWN, II

At the probable cause hearing on the felony charges, Assistant District Attorney Dan Johnson refused to honor the plea agreement. He testified at the hearing on defendant's motion to dismiss for this refusal that he was unwilling to honor the agreement because he believed it was an inappropriate bargain in light of the severity of the cases; he knew he would be held responsible and so did not want to make a decision in haste; and he was quite upset that he had not been consulted about the negotiations, since he was in charge of the criminal docket for that month and usual office procedure was that he be consulted.

Defendant relies upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971), to support his motion, but that case is clearly distinguishable. In *Santobello* the defendant had, in reliance on the prosecutor's agreement to make no recommendation as to the sentence, entered a plea of guilty to a lesser offense. The sentencing hearing was not held for some months, and at the hearing another prosecutor had replaced the prosecutor who negotiated the plea. The second prosecutor, apparently ignorant of the plea agreement, recommended the maximum sentence, and the judge imposed that sentence. The Supreme Court, however, vacated and remanded, saying that "when a plea rests in any significant degree on a promise or agreement of the prosecutor . . . such promise must be fulfilled." *Id.* at 262, 92 S.Ct. 499, 30 L.Ed. 2d 433. The case now before us is very different from *Santobello*, for here no plea was entered in reliance on the agreement. When the second Assistant District Attorney refused to honor the plea agreement, a plea of not guilty was entered, and defendant went to trial.

Defendant argues, however, that even in this situation he is entitled to have the plea bargain enforced. For this proposition he relies upon *Cooper v. United States*, 594 F. 2d 12 (4th Cir. 1979). In *Cooper*, the government attorney proposed a plea agreement to defendant's counsel, who later communicated the proposal to defendant and obtained his assent. Defense counsel contacted the

government attorney by telephone, but before he could tell him of defendant's acceptance the government attorney informed defense counsel that the offer had been withdrawn. The court in *Cooper* recognized that no contract right had arisen and that promissory estoppel was not available because there had been no detrimental reliance on defendant's part, but found a constitutional right of "fairness" that had been violated, and held that "a constitutional right to enforcement of plea proposals may arise before any technical 'contract' has been formed, and on the basis alone of expectations reasonably formed in reliance upon the honor of the government in making and abiding by its proposals." *Id.* at 18.

We can find no basis in logic or fundamental fairness for the holding in *Cooper*. A defendant has no constitutional right to a plea bargain. *Weatherford v. Bursey*, 429 U.S. 545, 51 L.Ed. 2d 30, 97 S.Ct. 837 (1977). The defendant here had not changed his position to his detriment in reliance on the agreement, and the plea agreement, though signed by counsel for both parties, did not become an enforceable contract until it was agreed to by the trial judge. *See* G.S. 15A-1023(b). Our decision that this plea agreement was not specifically enforceable is in accord with decisions from other states. See *Shields v. State*, 374 A. 2d 816 (Del. 1977) (State may withdraw from a plea agreement at any time prior to an act by defendant constituting detrimental reliance) and *People v. Heiler*, 79 Mich. App. 714, 262 N.W. 2d 890 (1977) (plea agreement not binding until approved by trial court or relied on by defendant to his detriment). We find no error in the denial of defendant's motion to dismiss.

**[2]** Defendant next contends that the court erred in denying his motion to compel the State to reveal the name and address of the informant. He relies upon *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957), but that case, dealing as it does with the necessity to disclose the name of an informant who would be a material witness at trial on the question of guilt or innocence, is not on point. The situation in *McCray v. Illinois*, 386 U.S. 300, 18 L.Ed. 2d 62, 87 S.Ct. 1056, *reh. denied* 386 U.S. 1042, 18 L.Ed. 2d 616, 87 S.Ct. 1474 (1967), is more similar to the one now before us. There the petitioner sought to have an informant's name revealed at the suppression hearing, but the court ruled that the testimony of the arresting officers as to what the in-

former had actually said and to why the officers believed the information was credible was sufficient to establish probable cause, and so the informant's name need not be revealed. The court continued: "Nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge in every such hearing to assume the arresting officers are committing perjury." *Id.* at 313, 18 L.Ed. 2d 72, 87 S.Ct. 1063. See also *State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975). The informant's tip in the present case is closely analogous to that in *McCray*, and the officers testified at the suppression hearing to the contents of the tip and their reasons for believing the informant to be reliable. We find no necessity that the informant's name be revealed.

Defendant's further argument that G.S. 15A-978(b) requires the State to disclose the informant's name is without merit. Controlling on this point is our decision in *State v. Bunn*, 36 N.C. App. 114, 243 S.E. 2d 189, *cert. denied* 295 N.C. 261, 245 S.E. 2d 778 (1978). The testimony of Officer Grainger that on 3 January 1979 he "had occasion to accompany Officer Rose and an informant to the Parkland High School parking lot" and that he saw substantially what the other officer had testified to seeing occur there is sufficient corroboration of Officer Rose's testimony to show the existence of the informant at the time of the tip, which is all that is required. *Id.*

[3] We find no merit in defendant's argument that he was entitled under G.S. 15A-974(2) to suppression of the drugs because of the arresting officer's violation of G.S. 15A-401(b). Defendant argues the officer's alleged failure to comply with G.S. 15A-401(b) (2), but we believe that it is -401(b)(1) which applies to the present case, and accordingly we find no violation. The informant's information combined with the officer's observations at the scene gave the officer reasonable grounds to believe a crime was being committed in his presence. *State v. Wooten*, 34 N.C. App. 85, 237 S.E. 2d 301 (1977).

[4] At the hearing on the motion to suppress, defendant offered the testimony of several witnesses to the effect that no one who could have been an informer had approached the van on the afternoon of the arrest, but this testimony was excluded by the trial court, relying on G.S. 15A-978(a) and *State v. Winfrey*, 40 N.C. App. 266, 252 S.E. 2d 248, *cert. denied* 297 N.C. 304 (1979), which

interprets that statute. Defendant is correct that this reliance was misplaced, since subsection (c) of G.S. 15A-978 expressly says that this statute "does not limit the right of a defendant to contest the truthfulness of testimony offered in support of a search made without a warrant," as is the case here. The parties have cited no cases, and we find none, which deal with attacks on the veracity of testimony given to establish probable cause at a suppression hearing in a non-search warrant case. The purpose of a suppression hearing would be served poorly, however, if only one of the parties were allowed to present evidence. Here defendant moved to suppress evidence which was vital to the State's case, and he offered the testimony of four witnesses to prove that in fact there could have been no informant, and therefore no probable cause for the warrantless search. Defendant was entitled to have this testimony considered by the trial court.

Under G.S. 15A-978(c) the court should have considered defendant's evidence offered to show the non-existence of the informant. Failure to do so at the suppression hearing was prejudicial error. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed. 2d 667 (1978). Thus, we remand this cause to the Superior Court of Forsyth County. The presiding judge at a session of court authorized for criminal cases, with defendant and his counsel present, shall conduct a hearing on defendant's motion to suppress at which the evidence he considers shall include defendant's evidence offered to prove the non-existence of the informant. If the presiding judge finds from the evidence presented that the informant did not exist he will find the facts and enter an order setting aside the verdict and granting defendant a new trial. However, if the judge finds that there was an informant, he shall find the facts and order commitment to issue in accordance with the 12 April 1979 judgments entered in Forsyth Superior Court.

Remanded with instructions.

Judges WEBB and WELLS concur.