State v. Ellis

---

STATE OF NORTH CAROLINA v. WILLIAM R. ELLIS, JR.

No. 808SC504

(Filed 16 December 1980)

**1. Constitutional Law § 67— identity of informant — questions not permitted — no error**

The trial court did not err in refusing to allow defendant, who was charged with possession of marijuana and methaqualone, to ask questions concerning the identity of a confidential informant whose tip led to defendant's arrest where an officer's testimony that he listened to telephone conversations between the informant and another officer provided sufficient corroboration of the informant's existence independent of the testimony in question. G.S. 15A-978(b)(2).

**2. Searches and Seizures § 11— warrantless search of vehicle — no unconstitutional search**

There was no merit to defendant's contention that a warrantless search of his

vehicle was unconstitutional since, prior to the search, the officers corroborated an informant's tip to the last detail through their own observations, and one of the officers testified that the confidential informant was known to him and had proven reliable on prior occasions with information concerning drug distribution.

APPEAL by defendant from *Peel, Judge.* Judgment entered 11 February 1980 in Superior Court, WAYNE County. Heard in the Court of Appeals 10 October 1980.

Defendant was indicted on the charges of possession of greater than one ounce of marijuana with the intent to manufacture, sell and deliver, possession of methaqualone - a Schedule II substance, and keeping and maintaining a motor vehicle for use in the distribution of controlled substances. Defendant's motion to suppress the evidence found pursuant to a warrantless search of his vehicle was denied prior to trial. Thereafter, defendant pled guilty, as a result of a plea bargain with the district attorney, to felony possession of marijuana with the intent to sell and maintaining a motor vehicle for purposes of selling controlled substances. Defendant was sentenced to seven years in prison.

At the hearing on defendant's motion to suppress, evidence was presented that William C. Goodman, Jr., a Wayne County deputy sheriff, received a tip from a confidential informant that defendant Ellis was distributing drugs at Charles B. Aycock school. Deputy Goodman testified that the informant was known to him and had proven reliable in the past in similar situations involving drug distribution. The informant, according to Officer Goodman stated that the defendant had been selling drugs at the school for some time. A subsequent call from the informant to Deputy Goodman, to which Deputy Odom listened, established that defendant would arrive at the school between 7:45 and 8:00 a.m. driving a red and white Ford pickup truck with a camper on the back, and have in his possession one pound of marijuana concealed in a green ammunition can under the seat of the truck. The officer testified that when he and three other deputies approached defendant at the school, he saw a cigar box lying on the front seat of the truck, a green ammunition can on the floor and a plastic bag on the dash. The officers arrested the defendant and seized the containers which held marijuana and methaqualone.

Defendant appeals from the judge's denial of his motion to suppress the evidence found in the truck and the signing and entry of the judgment based on defendant's guilty plea.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Hulse & Hulse, by Donald M. Wright, for defendant appellant.*

ARNOLD, Judge.

**[1]**  This case presents the recurrent question of whether the court erred in refusing to allow defendant to ask questions concerning the identity of the informant. Defendant's position is that G.S. 15A-978(b) entitled him to this information. We conclude differently, however.

As stated in *State v. Ketchie,* 286 N.C. 387, at 392-393, 211 S.E. 2d 207 at 211 (1975), "Defendant has made no defense on the merits and does not contend that the informant participated in or witnessed the alleged crime. Therefore, he has no constitutional right to discover the name of the informant. (Citations omitted.) As stated by the Court in *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 63 (1967): 'Nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge in every such hearing to assume the arresting officers are committing perjury.'"

While G.S. 15A-978 (b) requires disclosure of an informant's identity in some situations, this case falls under exception number two provided in the statute: "(2) There is corroboration of the informant's existence independent of the testimony in question." Deputy Odom testified that he listened to both telephone conversations between the informant and Officer Goodman. This was sufficient corroboration of Deputy Goodman's testimony relating to the informant. *See, State v. Collins,* 44 N.C. App. 141, 260 S.E. 2d 650, *aff'd* 300 N.C. 142, 265 S.E. 2d 172 (1980); *State v. Bunn,* 36 N.C. App. 114, 243 S.E. 2d 189, *cert. denied* 295 N.C. 261, 245 S.E. 2d 778 (1978).

**[2]**  Defendant also argues that the court should have allowed his motion to suppress articles obtained in the search of the car, vigorously contending that the warrantless search of the vehicle was unconstitutional. We disagree.

The warrantless search of defendant's vehicle was lawful and falls within the decision of this Court in *State v. Tickle,* 37 N.C. App. 416, 246 S.E. 2d 34 (1978), and our Supreme Court, in *State v. Ketchie, supra.* "The warrantless arrest, search and seizure [are] . . . lawful" even though the informant does not provide the underlying circumstances sufficient to constitute probable cause upon which to issue a

search warrant. *State v. Ketchie, supra,* at 392, 211 S.E. 2d at 211. "[P]robable cause to arrest and search defendant existed on the basis of the minute particularity with which the informant described defendant and the physical and independent verification of this description" by the officer. *Id.* at 393, 211 S.E. 2d at 211.

Prior to the search, in the case *sub judice,* the officers corroborated the informant's tip to the last detail through their observation of the following: (1) defendant arrived at Charles B. Aycock school between 7:45 and 8:00 a.m., (2) defendant was driving a red and white Ford pickup truck with a camper on the back, license number AJ-9936, (3) defendant, who was known to the officers, matched the informant's description and was the registered owner of the vehicle with the license number supplied by the informant. Deputy Goodman testitifed at the hearing that the confidential informant was known to him and had proven reliable on prior occasions with information concerning drug distribution. Together, all these factors establish that the officers had probable cause to arrest defendant and search his vehicle. The judge's ruling on defendant's motion to suppress is upheld.

Defendant's motions were properly denied and judgment lawfully entered upon defendant's plea of guilty.

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.