STATE OF NORTH CAROLINA v. THOMAS G. HART

No. 8310SC101

(Filed 1 November 1983)

**Searches and Seizures § 12 — warrantless search after interruption in surveillance proper**

    Under G.S. 15A-401(b), an arrest of defendant was with probable cause and the search of defendant's person was incidental to a lawful arrest and proper where the evidence tended to show that police officers received information from a confidential and reliable informant that defendant would be in Raleigh at one of several specific locations in order to purchase heroin; that an

officer observed defendant engaged in two hand-to-hand transactions where defendant gave money to a known heroin dealer and later received a shiny package from another known heroin dealer; where law enforcement officers followed defendant as he drove from Raleigh to Lillington; where surveillance was discontinued for fifteen minutes while officers from two counties met to discuss the prior transactions and determine their next step; and where, as defendant was leaving Lillington, police officers stopped and arrested defendant for possession of heroin, searched defendant, and found a quantity of heroin on his person.

APPEAL by the State of North Carolina from *Brewer, Judge.* Judgment entered 20 December 1982. Heard in the Court of Appeals 17 October 1983.

The State appealed a trial court order granting defendant's motion to suppress items of evidence seized from his person pursuant to a warrantless arrest and search.

The pertinent facts are: On 28 March 1982, law enforcement officers of Harnett, Cumberland, and Wake Counties met to discuss heroin trafficking in their counties. During this meeting, Raleigh police officers were informed by other law enforcement officers that a confidential and reliable informant had told them that defendant was planning to come to Raleigh to purchase drugs.

On or about 31 March 1982, J. H. Johnson, a Raleigh police officer, received information from a confidential and reliable informant that defendant would be coming to Raleigh within the next couple of days in order to purchase heroin from either or both E. D. Willis and Odell Willis, known heroin dealers. The informant told Officer Johnson that the purchase would occur at one of several specific locations in Raleigh, including the parking lot of the K-Mart on Highway 401 South.

On 2 April 1982, Officer Johnson, who had been surveilling the K-Mart parking lot, observed defendant engage in a hand-to-hand transaction with E. D. Willis, in which defendant transferred personal property appearing to be United States currency to Mr. Willis. Officer Johnson then observed defendant drive his vehicle to another location and engage in another hand-to-hand transaction with Odell Willis, in which defendant received what appeared to be a shiny package.

Law enforcement officers then followed defendant as he drove from Raleigh to Lillington. In Lillington, surveillance was discontinued for fifteen minutes while officers from Wake and Harnett Counties met to discuss the prior transactions and determine their next step. A decision was made to detain and arrest defendant for possession of heroin before he left Lillington, if possible.

During the fifteen-minute interval, defendant went to another person's home in Lillington. As defendant was leaving Lillington, Raleigh and Harnett County police officers stopped and arrested defendant for possession of heroin. Defendant was searched and a quantity of heroin was removed from his person.

The trial court found that law enforcement officers with appropriate jurisdiction had probable cause to arrest defendant for possession of heroin and to conduct an exigent circumstances search of defendant's car before the fifteen-minute hiatus in surveillance, but that after such interval, no probable cause existed for either arrest of defendant or for an exigent circumstances search of defendant or his car. The Court, therefore, granted defendant's motion to suppress items of evidence seized from his person pursuant to such search. The State appealed pursuant to G.S. 15A-979.

*Attorney General Edmisten, by Ann Reed, Special Deputy Attorney General, and Doris Holton, Associate Attorney General, for the State.*

*Dean and Dean, by Joseph W. Dean, for the defendant appellee.*

VAUGHN, Chief Judge.

The issue on appeal is whether the trial court erred in concluding that the arrest and subsequent search of defendant were unlawful.

Under G.S. 15A-401(b), an officer may arrest, without a warrant, any person the officer has probable cause to believe has committed a criminal offense in his presence or a felony out of his presence. Under the North Carolina Controlled Substances Act, possession of heroin is a felony. G.S. 90-86, *et seq.*

In the instant case, police officers received information from a confidential and reliable informant that defendant would be in Raleigh at one of several specific locations in order to purchase heroin. Raleigh Police Officer J. H. Johnson observed defendant engage in two hand-to-hand transactions. First, at one of the locations specified, defendant gave money to a known heroin dealer. Later defendant received a shiny package from another known heroin dealer. We agree with the trial court that based on the informant's tip and the officer's personal observations, probable cause existed, under G.S. 15A-401(b) to arrest defendant before surveillance was discontinued. *See State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975); *State v. Roberts*, 276 N.C. 98, 171 S.E. 2d 440 (1970); *State v. Ellis*, 50 N.C. App. 181, 272 S.E. 2d 774 (1980).

We disagree with the trial court, however, that probable cause disappeared upon the fifteen-minute hiatus in surveillance. Probable cause justifying an arrest without a warrant is evidence that warrants a reasonably prudent person's belief that a crime was committed and that defendant was the perpetrator. It is not proof of guilt nor prima facie evidence of guilt, but consists of evidence, which, if submitted to a magistrate, would require issuance of an arrest warrant. *State v. Harris*, 279 N.C. 307, 182 S.E. 2d 364 (1971); *State v. Odom*, 35 N.C. App. 374, 241 S.E. 2d 372 (1978). The evidence of defendant's guilt was the same after the break in surveillance as it was before. Had the evidence been submitted to a magistrate during or after the fifteen-minute interval, an arrest warrant would undoubtedly have followed.

It is elemental that an arresting officer may act on information supplied by others relating that a felony has been committed and describing the suspected felon. *See State v. Roberts, supra, citing Draper v. United States*, 358 U.S. 307, 3 L.Ed. 2d 327, 79 S.Ct. 329 (1959). Although the arresting officers in the case at bar may not have had personal knowledge of all the facts justifying arrest, probable cause can be imputed from one officer to others acting at his request. *State v. Tilley*, 44 N.C. App. 313, 260 S.E. 2d 794 (1979). Probable cause to arrest defendant in the instant case was imputed from Officer Johnson to the officers making the arrest.

Since the arrest of defendant was lawful, so too was the subsequent search of defendant's person. A police officer may

search the person of one whom he has lawfully arrested as an incident of such arrest. In the course of such search, the officer may lawfully take from the person arrested any property which such person has about him and which is connected with the crime charged or which may be required as evidence thereof. *State v. Harris, supra; State v. Roberts, supra.* The contraband seized from defendant's person was connected with and competent evidence of the crime charged. Had there been no arrest, we would still find that exigent circumstances existed to justify a warrantless search of defendant and defendant's vehicle. *See State v. Roberts, supra.*

For the reasons stated, we find that the arrest of defendant was with probable cause and that the search of defendant's person was incident to a lawful arrest. The order of the trial court granting defendant's motion to suppress must, therefore, be reversed. The case is remanded for trial on the merits.

Reversed and remanded.

Judges WELLS and JOHNSON concur.