UNITED STATES of America, Plaintiff-Appellee,

v.

Joe Anthony ARCHULETA, Defendant-Appellant.

No. 71–1214.

United States Court of Appeals, Ninth Circuit.

July 21, 1971.

Rehearing Denied Sept. 9, 1971.

**519**

S. Jeffrey Minker, (argued), Tucson, Ariz., for appellant.

James M. Wilkes, Asst. U. S. Atty., (argued), Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before CHAMBERS, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

Archuleta appeals from his conviction for receiving, concealing and facilitating the transportation of heroin in violation of 21 U.S.C. § 174. We affirm.

1. The arresting officer had probable cause to make the search of which appellant complains. Over a period of several months the arresting officer had received information from the New Mexico State Police and the Bureau of Narcotics and Dangerous Drugs that Clarence Romero was suspected to be a large scale trafficker in heroin. On August 13, 1970, a narcotics agent apprised the arresting officer of the following tip from an anonymous informer:

> "The information was that Clarence Romero of Albuquerque, New Mexico, had flown to Tucson, Arizona, that morning, the morning of the 13th of August; that in Tucson Romero was

to take delivery of approximately a half-kilo of heroin; that Romero would use a second party, would probably use a second party to transport the heroin from Tucson to Albuquerque. Further, that Romero would return from Tucson to Albuquerque aboard the 2:50 flight, 2:50 p. m. flight on TWA, I believe flight 239, that afternoon."

The arresting officer went to the Tucson International Airport. He learned that a "C. Romero" had booked one-way passage from Tucson to Albuquerque on TWA flight 239 scheduled to leave at 2:50 p. m. Thereafter, he observed appellant boarding the flight. He mistook appellant for appellant's brother; but, in any event, he knew that both Archuletas were associates of Romero. He was informed by the ticket receiving clerk that the ticket presented by appellant bore the name "C. Romero." He boarded the plane, approached appellant, identified himself, and asked appellant if he was Mr. Romero. Appellant, who became noticeably nervous, said that he was. The officer removed appellant from the plane, and conducted the search complained of.

■ We conclude that the warrantless arrest and incidental search were proper under the holdings in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

As we have seen, after receiving the tip, the arresting officer learned that a seat had been taken on the flight designated by the informant in the name of "C. Romero." Furthermore, the officer saw an associate of Romero boarding the plane, and confirmed the fact that he was using the ticket purchased in "C. Romero's" name, substantiating the informer's statement that Romero would probably use a second party to transport the heroin.

This verification of the informer's story provided a "substantial basis" for

concluding that the informer was reliable. Gilbert v. United States, 366 F.2d 923, 931 (9th Cir. 1966); *see* Jones v. United States, 362 U.S. 257, 272, 80 S. Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (June 28, 1971).

It is true that the tip did not disclose the underlying circumstances from which the informer drew his conclusion that the criminal conduct would occur. The predicted transaction was described in such detail, however, that a magistrate would have been justified in concluding that the informer had obtained his information in a reliable manner. Spinelli v. United States, *supra*, 393 U.S. at 417, 89 S.Ct. 584.

We reject the view that the recent case of Whitely v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S. Ct. 1031, 28 L.Ed.2d 306 (March 29, 1971), is applicable. In *Whitely*, the arresting officers received no additional information corroborating either the informer's reliability or the accuracy of his tip.

■ 2. The trial court properly instructed the jury that unlawful importation and knowledge of unlawful importation might be inferred from the possession of heroin. *See* Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610 (1970).

Affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. In the light of the Supreme Court's very recent decision in *Whitely*, I believe that the majority's disposition of the appeal is mistaken. My Brothers undertake, in one sentence, to distinguish *Whitely*. I do not criticize their brevity, but I do most strongly disagree that the suggested distinction is so sufficiently adequate as to avoid the thrust of the Supreme Court's latest expression with respect to the type of warrantless arrest and search to which the appellant in our case was subjected. The police "guessed" that they had the right man, but the fact that

they were good "guessers" cannot, of course, be equated with the probable cause which is the indispensable prerequisite for an arrest and which, in my opinion, was nonexistent when the arrest in this case was made.