**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jerry Richard LARKIN,**
**Defendant-Appellant.**

**No. 74–1746.**

United States Court of Appeals,
Ninth Circuit.

Dec. 30, 1974.

Frank T. Vecchione (argued), Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

William A. Shaw, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and SOLOMON, District Judge.*

## OPINION

HUFSTEDLER, Circuit Judge.

Larkin appeals from his conviction for violating 21 U.S.C. §§ 841(a)(1), 846 (possession of marijuana with intent to distribute). The question on appeal is the validity of the vehicle search that revealed the marijuana. Resolution of the question turns on the issue: Does an informant's tip that meets neither of the tests of Spinelli v. United States (1969) 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 and Aguilar v. Texas (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 supply probable cause to search or to arrest when innocuous information contained in the tip is corroborated by observations of law enforcement personnel?

Agent LeMon received a radio dispatch that a 1972 black on blue GMC "blazer-type" vehicle, with an identified license plate number, would be proceeding from El Centro toward Los Angeles carrying heroin and marijuana. The information given LeMon had been supplied by a drug enforcement officer who in turn had received the tip from an informant whose reliability was not proved and the dependability of whose information was not established. Later the same morning LeMon saw a vehicle answering the description. He followed it about 20 miles until the vehicle turned onto a different highway. In response to LeMon's call for assistance, border patrol agents Domitrovich and Reyna caught up with LeMon's patrol car and Larkin's vehicle. The border patrol cars blocked the highway. LeMon stood by with a shotgun while agents Domitrovich and Reyna approached Larkin with drawn guns and ordered him to get out. After Larkin was in custody, Domitrovich stuck his head into the vehicle and smelled marijuana. A thorough search revealed a large load of marijuana in the automobile.

 The search cannot be sustained unless the agents had probable cause to search the car or to arrest Larkin before they stopped the car.[1] (Carroll v. United States (1925) 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Henry v. United States (1959) 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134.) The tip alone cannot supply probable cause because it was not proved both (1) that the informant was reliable and (2) that his information was dependable. (United States v. Harris (1971) 403 U.S. 573, 575, 579–580, 91 S.Ct. 2075, 29 L.Ed.2d 723; Spinelli v. United States, supra, 393 U.S. at 417, 89 S.Ct. 584; Aguilar v. Texas, supra, 378 U.S. at 114, 84 S.Ct. 1509.)

* Honorable Gus Solomon, District Judge, United States District Court for the District of Oregon, sitting by designation.

1. The Government tentatively suggests that if the tip created a "founded suspicion" justifying investigative detention (see Wilson v. Porter (9th Cir. 1966) 361 F.2d 412), that suspicion matured into probable cause when Domitrovich smelled marijuana. The suggestion is unacceptable; a confrontation with a vehicular blockade and drawn weapons cannot be equated with an investigative detention. (United States v. Strickler (9th Cir. 1974) 490 F.2d 378.)

The question thus becomes whether the tip was sufficiently corroborated so that it can "fairly be said that the tip [as corroborated] . . . . is as trustworthy as a tip which would pass [both] tests without independent corroboration." (Spinelli v. United States, *supra*, 393 U.S. at 415, 89 S.Ct. at 588.) The corroborating observations of the officers do not provide the necessary guarantees of the informant's reliability and the dependability of his information.

The key factor in the tip was that the vehicle was carrying contraband. A statement that a vehicle of a described make with an identified license number will be proceeding toward Los Angeles from El Centro at a certain time is information that could be readily obtained by any bystander observing the vehicle on the road from El Centro to Los Angeles or, as in *Spinelli,* that "could easily have been obtained from an offhand remark heard at a neighborhood bar." (393 U.S. at 417, 89 S.Ct. at 589.) Nothing about the described features of the car or its direction points to anything suspicious, let alone criminal. That a vehicle matching the description was spotted along a highway from El Centro in the general direction of Los Angeles corroborates nothing except, possibly, the ability of the informant accurately to relay what he has seen or what he has overheard. No hint is given thereby that the informant was truthful in reporting that the vehicle contained contraband. Nor does the observation supply any information about how the informant knew that contraband was being transported. The fact that these few innocuous details tallied with the officers' observations cannot "be said to support both the inference that the informer was generally trustworthy and that he had made his charge against [Larkin] on the basis of information obtained in a reliable way." (*Id.* at 417, 89 S.Ct. at 589; Whiteley v. Warden (1971) 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306.)[2]

United States v. Archuleta (9th Cir. 1971) 446 F.2d 518 is not to the contrary. In *Archuleta*, as in Draper v. United States (1959) 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, the informant supplied such a wealth of detail that a magistrate would have been justified in concluding that the informant was "relying on something more substantial than a casual rumor" (Spinelli v. United States, *supra*, 393 U.S. at 416, 89 S.Ct. at 589) or an ordinary public observation. Moreover, the corroborating details in *Archuleta* were themselves suspicious. (*See also* United States v. Harris, *supra*, 403 U.S. at 582–583, 91 S.Ct. 2075.)

Reversed and remanded.

**2.** Informants have a known propensity to fabricate allegations of criminal involvement and to bolster the charges by adding innocent details. (*E. g.*, Rebell, "The Undisclosed Informant and the Fourth Amendment: A Search for Meaningful Standards," 81 Yale L.J. 703, 712–14.)