STATE OF NORTH CAROLINA v. DANNY ALLAN TICKLE

No. 7821SC135

(Filed 1 August 1978)

**Searches and Seizures § 11— warrantless search of car—information from previously unknown informant—independent verification by officer—informant's admission of crime**

An officer had probable cause to conduct a warrantless search of defendant's car for marijuana based on information received from a previously unknown informant where the informant told the officer that he had purchased marijuana and LSD an hour earlier in defendant's car, he had taken the LSD in defendant's presence and become sick, after leaving defendant's car he had asked a deputy sheriff for a ride to the hospital, and marijuana would be found under the seat and in the glove compartment of defendant's car; the informant described defendant's physical appearance, dress, and automobile in detail, and gave the license number and location of the automobile; the deputy sheriff corroborated the informant's having stopped him for a ride to the hospital; the officer personally observed that the informant was nervous and perspiring, which would tend to verify that the informant had taken a hallucinogenic drug; the officer independently verified the appearance and dress of defendant and the location, model, color and license number of defendant's car; and the credibility of the informant was enhanced by his admission that he had committed a criminal offense by buying marijuana and LSD.

APPEAL by defendant from *Long, Judge.* Judgment entered 14 December 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 1 June 1978.

On 28 March 1977, Officer G. L. Rose of the Winston-Salem Police Department received a radio communication directing him to go to the Forsyth Hospital and meet with a Forsyth County Deputy Sheriff. Officer Rose arrived at the hospital at approximately 3:00 p.m. and met with the Deputy Sheriff and a white male (hereinafter referred to as the informant). Officer Rose was not acquainted with the informant. The informant told Officer Rose that he had purchased marijuana and LSD from Danny Tickle, the defendant, an hour or so earlier in the defendant's car. He said the car was parked at the R. J. Reynolds Whitaker Park truck storage parking lot on Indiana Avenue. He disclosed that he had taken the LSD while in defendant's car and in defendant's presence, but the drug had made him sick so he left the marijuana in defendant's car and departed. After leaving defendant's car, the informant stopped the Deputy Sheriff who was driving by and requested a ride to the hospital. Officer Rose observed that the informant was pale, nervous and perspiring, but the informant remained alert and responsive to questions. The informant described the defendant as a white male, 5 feet 10 inches in height, weighing 140-150 pounds, having light brown hair of medium length and wearing bluejean pants and jacket and a plaid shirt. Also, the informant described the defendant's car as a 1975 maroon Monte Carlo, license number FTC-474 and indicated the car would be at the Whitaker Park parking lot until 3:20 p.m., the time defendant left work for home. He told Officer Rose that he would find marijuana under the seat and in the glove compartment of the car.

Relying on the information, Officer Rose drove to the Whitaker Park parking lot on Indiana Avenue and located a Monte Carlo fitting the description given him by the informant. He observed a man of the same appearance and dress described earlier by the informant get into the car and drive away. Officer Rose took the license number of the car and ran a check to determine the car's ownership. He was informed that the car was registered to Danny Allan Tickle. Officer Rose stopped defendant's car and told defendant he had information the car was carrying controlled substances and he would have to perform

an emergency search of the vehicle. Marijuana was found under the front seat and in the trunk of the car.

Prior to trial, defendant moved to suppress the evidence seized under the search on the grounds that Officer Rose had no probable cause to stop and search the vehicle. The motion was denied. Defendant pled guilty to felonious possession of marijuana and no contest to maintaining a vehicle for the purpose of keeping a controlled substance. The charges were consolidated for judgment and defendant was sentenced to six months in prison; the execution of the sentence suspended on the conditions that the defendant be placed on probation for five years and that he pay a fine of $500.00 plus costs. Defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*Hatfield and Allman, by J. W. Armentrout, for defendant appellant.*

WEBB, Judge.

Defendant contends that information from a previously unknown informant is not sufficient to constitute probable cause for a warrantless search of an automobile unless the informant also relates facts which show he is reliable and his information dependable. *See Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964); *State v. Gibson*, 32 N.C. App. 584, 233 S.E. 2d 84 (1977); *State v. Beddard*, 35 N.C. App. 212, 241 S.E. 2d 83 (1978). We will assume for argument, without deciding, that the *Aguilar* standards apply in determining probable cause for a warrantless search of an automobile, *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed. 2d 623 (1975). In general, a law enforcement officer may search an automobile without a warrant if the officer has a reasonable belief that the automobile carries contraband materials. *Carroll v. U.S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970), *rehearing denied*, 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed. 2d 94 (1970).

We hold that the warrantless search of defendant's automobile is lawful under the doctrines announced in *Draper v.*

*United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327 (1959);
*State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1974), and *United
States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 2d 723
(1973). Both *Draper* and *Ketchie* involved warrantless searches
and seizures based upon information from reliable informants. In
each case, the informant failed to supply any underlying cir-
cumstances which would demonstrate that his information was
dependable, but each court held that the minute particularity
with which the previously reliable informant described the de-
fendant and his activities and the independent verification of
these details by law enforcement officers prior to the search was
sufficient in itself to provide credibility and constitute probable
cause to search and seize. Justice Huskins, writing for the Court
in *Ketchie*, cites *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct.
584, 21 L.Ed. 2d 637 (1969) as approving the principle of *Draper*
that when very detailed information is provided by an informant,
the minute particulars of the tip make it reliable. As stated in
*Spinelli*: "A magistrate, when confronted with such detail, could
reasonably infer that the informant had gained his information in
a reliable way." In the case at bar, we have an informant who
supplied very detailed information to a police officer and an in-
dependent verification by the officer of the tip. Officer Rose met
with a man who alleged that during the previous hour he had pur-
chased marijuana and LSD from the defendant. The Deputy
Sheriff was present in the car and able to corroborate the inform-
ant's stopping him for a ride to the hospital. Officer Rose per-
sonally observed that the informant was nervous and perspiring
which would tend to verify that the informer had taken a
hallucinogenic drug. Later, when Officer Rose arrived at the
Whitaker Park parking lot, he was able to independently verify
the other information, including defendant's dress and ap-
pearance, the make and license number of defendant's car. We
believe that once Officer Rose had independently verified all of
the information related by the informer, he could reasonably con-
clude that the informant's information was reliable.

We are aware that here the informant had not previously
supplied reliable information as was the case in *Draper* and *Ket-
chie*. The informant did, however, admit to his involvement in a
criminal offense, *i.e.*, possession of marijuana. As stated in *United
States v. Harris*, *supra*, at 583:

"People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admission of crime, like admissions against proprietary interests, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search."

We hold that the informant's admission that he purchased LSD and marijuana from the defendant is a circumstance showing that the informer and his information are dependable.

Defendant relies on a group of cases which hold that when a previously unknown informer provides innoccuous information that is readily available to an innocent bystander, co-worker or fellow friend of a defendant and adds to this information an allegation of criminal activity, the tip does not become reliable simply because the innocent information related is later independently verified by a police officer and contraband is in fact found after a search. *See United States v. Larkin,* 510 F. 2d 13 (9th Cir. 1974); *De Angelo v. Yeager,* 490 F. 2d 1012 (3rd Cir. 1973). The fact that a search results in the seizure of contraband materials cannot be used retroactively to corroborate an informant's tip and justify the search. *See Costello v. United States,* 324 F. 2d 260 (9th Cir. 1963), *cert. denied,* 376 U.S. 930, 83 S.Ct. 699, 11 L.Ed. 2d 650 (1964). We are sympathetic with the holdings of these cases and the cautions they echo against allowing wholesale searches of the public at large. However, the case now before this Court is not the same as that presented in *Larkin* and *Yeager* and we do not believe those cases are controlling. We believe the informant's personal involvement in a criminal transaction with defendant one hour prior to the stop and search separates the instant case from *Larkin* and *Yeager.*

We find that Officer Rose had reasonable grounds to believe the defendant was carrying contraband in his automobile when confronted with the information supplied by the informant. Defendant's motion to suppress evidence seized by the search was properly denied.

No error.

Chief Judge BROCK and Judge CLARK concur.