State v. Walden

---

STATE OF NORTH CAROLINA v. GARRY EDWARD WALDEN

No. 8013SC1037

(Filed 19 May 1981)

Arrest and Bail § 3.4; Searches and Seizures § 8— possession of narcotics — probable cause for warrantless arrest — search incident to arrest

An officer had probable cause to believe that a crime was being committed in his presence and to arrest defendant without a warrant pursuant to G.S. 15A-401(b)(1), and a search of defendant's person immediately prior to his arrest was lawful as incident to the arrest since probable cause to arrest existed prior to the search, where the officer was told by an informant, a person who had been arrested for possession of 2,200 dosage units of LSD, that he was supposed to obtain an additional 2,000 dosage units of LSD from a person named Garry; the informant telephoned a person named "Garry" in the officer's presence and arranged to meet him in the parking lot of a restaurant at 8:00 a.m. the next morning to purchase the additional 2,000 dosage units of

LSD; the informant indicated that the seller would be driving a 1969 black Mustang with chrome-type wheels and gave the officer a detailed description of the seller's appearance; at around 8:00 a.m. the next morning the officer observed defendant drive a 1969 black Mustang with chrome-type wheels into the restaurant parking lot; and the officer then searched defendant and found LSD and other narcotics in his pockets.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 28 July 1980 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 11 March 1981.

The defendant was indicted for possession of "2,199 dosage units of Lysergic Acid Diethylamide (LSD)," with intent to sell and possession of "approximately two ounces of hashish" with intent to sell. At trial A. R. Stevens, a special agent with the State Bureau of Investigation, testified that on the morning of 23 August 1979 he observed defendant drive into the parking lot of the Sea Captain Restaurant in Southport, North Carolina. Stevens and a law enforcement officer accompanying him approached the vehicle, identified themselves and informed defendant that they were going to conduct a search for LSD. Stevens searched defendant's person, then arrested him and proceeded to search the automobile. At this point in the trial defendant moved for a *voir dire* examination. At the conclusion of the examination, the trial judge entered an order denying defendant's "motion to suppress" the items seized pursuant to the search of defendant and his automobile. Defendant then entered a plea of guilty to the charges imposed against him. From a judgment imposing a sentence of not less than five nor more than five years, defendant appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Walton, Fairley & Jess, by Ray H. Walton and William F. Fairley, for defendant appellant.*

MARTIN, (Robert M.) Judge.

At the onset, we note that defendant's appeal is not properly before us. According to G.S. 15A-979(b), as interpreted by our

Supreme Court in *State v. Reynolds*, 298 N.C. 380, 259 S.E. 2d 843 (1979), *U.S. cert. denied*, the defendant must notify the district attorney and the trial court of his intention to appeal the denial of the suppression motion at the sentencing hearing. *See also State v. Afflerback*, 46 N.C. App. 344, 264 S.E. 2d 784 (1980); *State v. Trapper*, 48 N.C. App. 481, 269 S.E. 2d 680 (1980), (appeal pending in U.S. Supreme Court). In the case *sub judice* the record reveals that the defendant withdrew his plea of not guilty and entered a plea of guilty as charged in both counts soon after the entry of the order denying his motion to suppress. Thereafter Judge McLelland continued prayer for judgment from the 24 March 1980 Criminal Session of Brunswick Superior Court until the 28 July 1980 Criminal Session. On this latter date a consolidated sentence of not less than five nor more than five years, with a recommendation for work release, was imposed. It appears from the record that defendant then gave notice of appeal.

Despite defendant's failure properly to give notice of his intention to appeal, we have decided in our discretion to treat the purported appeal as a petition for certiorari, to allow it and to consider the case on its merits.

Defendant's four assignments of error, which have been brought forward in his brief, are directed to the trial court's order denying his motion to suppress drugs seized from the person of defendant and from his automobile. On the *voir dire* concerning this motion to suppress, the State offered evidence tending to show the following: On 22 August 1979 Agent Stevens interviewed a person who had been arrested for possession of 2,200 dosage units of LSD. The person told Stevens that he was supposed to meet a Garry Piggott in the parking lot of the Sea Captain Restaurant in Southport, North Carolina, at 8:00 a.m. on 23 August 1979. This person further indicated that Piggott would be driving a 1969 black Ford Mustang with chrome-type wheels. He described Piggott as being approximately 5'6" to 5'8" tall, weighing 195 to 205 pounds, having medium length brown hair which hung over his collar and wearing glasses. Stevens' source further told him that at this 8:00 a.m. meeting, he was to receive 2,000 dosage units of LSD from Piggott. Stevens asked his source to telephone Piggott. During the telephone conversation, Stevens heard his source ask to speak to "Garry." He was told to wait and a voice then said, "[h]ello." The source then indicated that he

needed to get "2,000 more" and requested the person on the other end to meet him somewhere. The person responded by agreeing to meet him at the parking lot of the Sea Captain Restaurant at 8:00 a.m. The source then stated: "[t]hat's good. I'll be there. I've got the money to pay you for the last I got from you." The person on the other end then ended the conversation by stating: "[f]ine. That's good because I'll have my man with me." Agent Stevens finished interviewing his source around 2:30 or 3:00 a.m. on 23 August 1979. He then drove to Jacksonville and checked the Department of Motor Vehicles files, but he could not find a vehicle registered in Piggott's name. He finished in Jacksonville around 5:30 a.m. and left for Southport. The drive to Southport took approximately two hours and fifteen minutes. When he arrived at the Sea Captain Restaurant accompanied by a law enforcement officer, he observed a 1969 black Ford Mustang with chrome-type wheels drive into the parking lot. Two men were in the vehicle. Stevens and the officer then approached the vehicle. Stevens identified himself to the driver, told him he wanted to search the car and requested that he get out. Stevens then searched the driver and found 1,000 dosage units of LSD in his left rear pocket and hashish in his left front pocket. Stevens informed the driver that he was under arrest for possession of LSD and hashish for the purpose of sale. During his search of the driver, Stevens found identification on him in both the names of Garry Piggott and Garry Walden. The defendant driver indicated that his name was Garry Walden. Immediately after arresting defendant and his passenger, Stevens searched the vehicle. He discovered a chess set in the back seat. When he opened the set he discovered both LSD and hashish inside. More hashish was found in the glove compartment. A wooden smoking pipe and two packs of rolling paper, which were in plain view of Stevens, were also seized from the automobile.

The defendant offered no evidence at the *voir dire.*

At the conclusion of the *voir dire*, the trial judge made findings based upon the evidence presented at the hearing. He then made conclusions as follows:

> From these findings the Court concludes that the officer had probable cause to arrest the defendant for possession of LSD with intent to sell.

That the search of the defendant's person and vehicle were incidental to a lawful arrest, and though without a warrant were lawful.

That the search of the chess set box, an object in plain view, as to the inside of which there was no resonable expectation of privacy, was lawful.

Defendant has assigned error to each of these conclusions as well as to the denial of his motion to suppress. In his sole argument combining all four of these assignments of error, defendant first contends that there was no probable cause for Stevens to arrest defendant. He emphasizes that probable cause was based solely on Stevens' source of information, and that therefore, this source of information had to reveal underlying circumstances showing him to be a credible person and showing the basis of the conclusion reported by him. Defendant argues that no such underlying circumstances were revealed at the suppression hearing. Defendant further argues that since there was no probable cause to arrest, the search of defendant's person or his vehicle cannot be considered a search incident to a lawful arrest. The items then seized from his person and his automobile should have been suppressed.

This Court disagrees with defendant's contentions as to the lack of probable cause to search defendant's person and to arrest him thereafter. We believe that the information learned from the informant, which was corroborated both by the telephone conversation with a man named "Garry" and the later observations of Agent Stevens at the parking lot of the Sea Captain Restaurant, gave Stevens reasonable grounds to believe that a crime was being committed in his presence and to arrest defendant without a warrant pursuant to G.S. 15A-401(b)(1). *State v. Collins*, 44 N.C. App. 141, 260 S.E. 2d 650 (1979), *aff'd on other grounds*, 300 N.C. 142, 265 S.E. 2d 172 (1980). The search of defendant's person immediately prior to his arrest was justified as incident to the arrest, since probable cause to arrest existed prior to the search. *State v. Wooten*, 34 N.C. App. 85, 237 S.E. 2d 301 (1977). Our decision in *State v. Tickle*, 37 N.C. App. 416, 246 S.E. 2d 34 (1978) offers further support for our position. In *Tickle* the defendant argued that information obtained from a previously unknown informant was not sufficient to constitute probable cause for a warrantless search of an automobile, unless the informant also

related facts showing his reliability to give dependable information. The informant in *Tickle* told the officer that he had purchased marijuana and LSD from defendant in defendant's car an hour earlier, that the car was parked in a named parking lot and that the drugs obtained from defendant had made him sick. A deputy sheriff corroborated the informant's allegations of sickness. The informant also accurately described defendant's height, weight, clothing and automobile. He told the officer exactly where the marijuana would be found in defendant's car. We held that the minute particularity with which the informant described the defendant and his activities and the independent verification of these details by law enforcement officers prior to the search led the officers reasonably to conclude that the informant's information was reliable. We further held that the informant's admission that he had earlier purchased drugs from defendant showed that his information was dependable.

In the case *sub judice*, the informant also gave a detailed description of defendant's appearance and vehicle, as well as the location and time the alleged crimes were to occur. The prior arrest of the informant for possession of LSD would tend to show that his information about an alleged drug dealer would be dependable. Finally the reliability of the information received was corroborated by the telephone conversation wherein a man named "Garry" indicated he would meet the informant at a specified time and place. For these reasons we find that the search of defendant was incident to a lawful arrest and that the drugs seized from defendant's person were admissible.

We find it unnecessary to consider defendant's assignments of error concerning the search of his vehicle, and in particular, the search of the chess set. From the record it appears that defendant was arrested for felonious possession of both LSD and hashish immediately after the search of his person. The drugs seized from the car and from the chess set inside the car therefore were not a necessary element of the charges against defendant.

We affirm the trial court's order denying defendant's motion to suppress.

Affirmed.

Chief Judge MORRIS and Judge WHICHARD concur.