26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David William RICH, Defendant-Appellant.
 No. 91-10343.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided June 3, 1994.
 
 Before: WALLACE, GARTH,* and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant David Rich appeals his conviction and sentence for his involvement in a methamphetamine-production conspiracy. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm the district court.
 
 I. MISTRIAL
 
 3
 Rich went to trial with codefendant Cindy Brees. On the fifth day of trial, Cindy Brees pleaded guilty. Rich moved for a mistrial, claiming that evidence in the trial had been admissible only against Cindy Brees. The district court denied the motion, holding that only one piece of evidence would not have been admissible against Rich and that the admission could be remedied by a limiting instruction, which it issued.
 
 
 4
 Appellant argues that the district court erred by refusing to declare a mistrial after the change of plea by Cindy Brees, that he was severely prejudiced by her mid-trial change of plea, and that the court's curative instruction was insufficient to cure the prejudice. We review the district court's decision to deny a motion for mistrial for an abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992).
 
 
 5
 We find no support for the proposition that the withdrawal of a codefendant cannot be cured by appropriate instructions. The out-of-circuit cases upon which Appellant relies do not stand for that proposition. In fact, one of those cases straightforwardly states that "[a] cautionary instruction is generally sufficient to dispel any prejudice that arises from informing the jury of a codefendant's plea of guilty." United States v. DeLucca, 630 F.2d 294, 298 (5th Cir.1980), cert. denied, 450 U.S. 983 (1981). In this circuit, informing a jury of the actual plea of a codefendant is not error where the statement is accurate and unadorned, and the jury is carefully instructed not to consider the plea. United States v. Miroyan, 577 F.2d 489, 494 (9th Cir.), cert. denied sub nom., McGinnis v. United States, 439 U.S. 896 (1978); United States v. Washabaugh, 442 F.2d 1127, 1129 (9th Cir.1971). An instruction such as that given by the district court in this case, which did not actually divulge the plea, is even better. Washabaugh, 442 F.2d at 1129.
 
 
 6
 Any possible prejudice has been properly cured by the instructions to the jury. The district court did not abuse its discretion in refusing to declare a mistrial.
 
 II. SUPPRESSION OF EVIDENCE
 
 7
 The district court ruled, in response to Appellant's motion to suppress, that evidence derived from the search of Rich's person was admissible because Rich was named in the warrant as an individual to be searched, and because the search was incident to a valid arrest. The district court also found that the evidence obtained from the suitcase in the bed of the truck driven by Rich was admissible as the product of a search, supported by independent probable cause, of a container in an automobile.
 
 
 8
 Generally, motions to suppress are reviewed de novo. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.), amended, 93 Daily Journal D.A.R. 5927 (1993); Homick, 964 F.2d at 902; United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988). The trial court's factual findings are reviewed for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992). The determination of probable cause is a mixed question of law and fact in which the legal issues predominate and is therefore subject to de novo review. United States v. Dunn, 946 F.2d 615, 618 (9th Cir.) (warrantless search of vehicle), cert. denied, 112 S.Ct. 401 (1991); United States v. Smith, 790 F.2d 789, 791 (9th Cir.1986) (probable cause to arrest); see also United States v. Linn, 880 F.2d 209, 214 (9th Cir.1989) (stating that a finding of probable cause is reviewed de novo while findings of fact are reviewed for clear error).
 
 
 9
 The search warrant included Rich's person and his vehicle, an orange Scout, among the places to be searched. The informant provided information that Rich used this vehicle to deliver supplies to the laboratory. Rich drove a different truck up to the search in progress at Spence's house, approximately two miles from the lab, after the lab site had already been searched. He was arrested after he inquired about Spence's presence and was asked his name.
 
 
 10
 Appellant first argues that the evidence derived from the search of his person should have been suppressed. We must determine whether that evidence was obtained by a search pursuant to either a valid search warrant or a legal arrest. Appellant cites Illinois v. Gates, 462 U.S. 213 (1983), for the test of a valid search warrant affidavit, concluding (correctly) that the "veracity" and "basis of knowledge" of the informant, though no longer rigidly required, are still to be weighed when deciding whether there is a fair probability of finding evidence or contraband in a particular place. Appellant relies, however, primarily on pre-Gates cases to argue that there was no probable cause solely because the tip was not properly corroborated. See United States v. Larkin, 510 F.2d 13 (9th Cir.1974); United States v. Rasor, 599 F.2d 1330 (5th Cir.1979); Acosta v. Beto, 297 F.Supp. 89 (S.D.Tex.1969), aff'd sub nom., Gonzalez v. Beto, 425 F.2d 963 (5th Cir.), cert. denied, 400 U.S. 928 (1970), and cert. denied, 400 U.S. 1001 (1971). One post-Gates case, United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1297 (9th Cir.1988), has held that an anonymous tip that neither identified a specific transaction nor was corroborated by any significant independent investigation was insufficient by itself to establish probable cause. That case is, however, easily distinguishable from the case at hand, where a known informant told of specific past and future activities and the information was corroborated by independent investigation, including locating a dump for freon cannisters described by the informant. We conclude that the search warrant was supported by probable cause.
 
 
 11
 Even if the search warrant were not valid, the search could have been conducted pursuant to a valid arrest. Rich's arrest occurred after the search of the laboratory site at the mine. That search produced all the equipment and chemicals necessary to manufacture methamphetamine. Rich was arrested by officers in the course of the search of Spence's house. That search had turned up the keys to the padlock at the mine, linking the house to the laboratory. The search of Spence's house had also produced methamphetamine and the ingredients thereto. Rich's very presence in northern California was corroboration of the informant's statements that the conspiracy was gearing up to produce more drugs. We conclude that the facts and circumstances within the knowledge of the officers involved in the investigation, and the reasonable inferences that may be drawn therefrom, were "sufficient to warrant a prudent person to believe that a suspect has committed, is committing, or is about to commit a crime." United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 325 (1990). There was, therefore, probable cause to arrest Rich, and the search of his person was pursuant to a valid arrest.
 
 
 12
 The evidence derived from the search of the containers in the truck bed is likewise admissible. Appellant argues that the results of the search of the truck should be excluded because there was no warrant for the search of that particular truck and the government has not met the burden of showing an exception to the warrant requirement. The "simple innocent act of pulling into a driveway during the execution of a search warrant," Appellant contends, was insufficient to subject him to a warrantless search.
 
 
 13
 Police may validly search, without a warrant, a container found in a car whenever there is probable cause to believe that it contains contraband. California v. Acevedo, 500 U.S. 565, ----, 111 S.Ct. 1982, 1991 (1991). The information in the hands of law enforcement indicated that Rich had come to northern California to manufacture methamphetamines and that the vehicle he was in was being used to transport chemicals for such activities. At the time of the search, the existence of the lab had been confirmed and it was believed, on information that was known to be otherwise accurate, that Rich customarily delivered chemicals to the lab before production began, and that production was about to begin again. Rich's appearance at Spence's house on that day was not "innocent," as he argues, but, given information known to the officers, was in fact a clear reason to believe that the vehicle was transporting contraband. The evidence obtained from even a warrantless search of the containers in the vehicle is, therefore, admissible under the probable cause exception of Acevedo.
 
 
 14
 The district court did not err in admitting the evidence obtained from the search of Rich and the truck. It was correct in its determination that, even absent the warrant, such evidence could be admitted as the result either of a search incident to a valid arrest or of a search of containers that the police have probable cause to believe contain contraband.
 
 III. DESTRUCTION OF EVIDENCE
 
 15
 Appellant argues that his right to due process has been violated by the government's failure to preserve glassware retrieved from the laboratory, and that the district court erred in failing to grant a motion to dismiss the indictment because of such destruction of evidence. The government challenges this claim on the grounds that it was not properly preserved for appeal, because the motion to dismiss for destruction of evidence was made by Spence before he pleaded guilty, not Rich.
 
 
 16
 Issues not presented to the trial court generally may not be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Exceptions to the general rule include situations where (1) there are "exceptional circumstances" explaining why the issue was not raised before the trial court; (2) the new issue arises while the appeal is pending because of a change in the law; and (3) the issue is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Id.; United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Exception may also be made where plain error has occurred and injustice might result if the issue is not considered. Flores-Payon, 942 F.2d at 558; United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984).
 
 
 17
 The government argues that raising the issue for the first time on appeal is prejudicial because it prevents them from introducing evidence on the issue. In particular, the government would have tried to prove the good faith of destroying evidence of which it had no reason to believe there was any exculpatory value. Appellant argues that he joined the motion originally made by defendant Spence, and that the issue was properly preserved for appeal.
 
 
 18
 In fact, Spence's motion only pertained to the destruction of freon containers seized from his property. The motion was denied because he failed to show bad faith in the destruction of the freon. Appellant did not properly preserve his claim before the trial court. The issue falls within none of the exceptions to the rule against entertaining new claims on appeal. There were no exceptional circumstances to explain the failure to raise the issue; there has been no change in the law; and the claim involves the good faith of the actions taken by the government--an issue of fact from which prejudice could result due to lack of opportunity to present evidence. Moreover, no plain error has occurred and true injustice is not a possibility. We conclude that Appellant's destruction of evidence claim is not properly before this court.
 
 
 19
 Appellant has not established that any of the evidence admitted against him was admitted in error. The evidence heard by the jury was ample to convict him of all counts.
 
 IV. PROSECUTORIAL VINDICTIVENESS
 
 20
 Appellant argues that the district court erred in refusing to dismiss one count, a firearms count added against him, because of vindictive prosecution. Appellant now also argues, apparently for the first time on this appeal, that due process was also violated by selective prosecution in federal court,[1] and vindictive seeking of a sentence of life without parole. Appellant now concedes that the selective prosecution issue has been decided against him by United States v. Sitton, 968 F.2d 947, 953 (9th Cir.), cert. denied sub nom., Romero v. United States, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993).
 
 
 21
 A defendant alleging vindictive prosecution has the burden of showing an appearance of vindictiveness. The appearance gives rise to a presumption of vindictiveness. Whether there is an appearance of vindictiveness is a question of fact reviewed for clear error. See United States v. Clay, 925 F.2d 299, 302 (9th Cir.1991), overruled on other grounds, Rodriguera v. United States, 954 F.2d 1465, 1469 (9th Cir.1992). Once that fact is established, whether the presumption arises is a question of law reviewed de novo.
 
 
 22
 Appellant argues that the prosecution of the gun charge was vindictive because, though the facts were known to the prosecution from the beginning, the superseding indictment was a response to Appellant's failure to plead guilty and cooperate with the government. Appellant also views the government's announcement of its intention to seek a life sentence as an attempt to induce him to plead guilty.
 
 
 23
 A presumption of vindictiveness may arise from a superseding indictment adding charges when those charges are based on the same conduct as those in the first indictment, when the same sovereign is involved, and when the decision to file increased charges directly followed the assertion by the defendant of a procedural right. United States v. Garza-Juarez, 992 F.2d 896, 907 (9th Cir.1992) (right to move to dismiss), cert. denied, 114 S.Ct. 724 (1994); Adamson v. Ricketts, 865 F.2d 1011, 1018-19 (9th Cir.1988) (en banc) (right against self-incrimination), cert. denied sub nom., Lewis v. Adamson, 497 U.S. 1031 (1990). An exception is that the modification of charges against defendants who refuse a pre-trial plea bargain and demand a jury trial does not give rise to a presumption of vindictive prosecution. United States v. Goodwin, 457 U.S. 368, 383 (1982); Bordenkircher v. Hayes, 434 U.S. 357 (1978); United States v. Heldt, 745 F.2d 1275, 1280-81 (9th Cir.1984). "Even assuming the government did seek the superseding indictment in retaliation for [defendant's] refusal to plead guilty, that alone is insufficient to establish vindictive prosecution." United States v. Stewart, 770 F.2d 825, 829 (9th Cir.1985) (citing Heldt, 745 F.2d at 1280), cert. denied, 474 U.S. 1103 (1986). Appellant presents no authority even suggesting that the government's pursuit of the maximum legal sentence may be seen as vindictive prosecution, much less that such an act would be an inappropriate response to failure to cooperate. The district court's refusal to dismiss the indictment is affirmed.
 
 V. SENTENCING GUIDELINES
 
 24
 Finally, Appellant argues that the district court erred in a number of ways in sentencing him to 420 months imprisonment. The legality of a sentence is reviewed de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc); United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992); United States v. Ruiz, 935 F.2d 1033, 1035 (9th Cir.1991). The district court's interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 2954 (1992).
 
 
 25
 First, Appellant argues that the court erred by failing to make a factual determination of the amount of drugs that could be attributed to him, citing United States v. Navarro, 979 F.2d 786 (9th Cir.1992). This argument is unpersuasive. Navarro concerns defendants who, though convicted of conspiracy, did not participate in the conspiracy for its entire lifespan and therefore cannot be held accountable for the entire quantity of drugs involved in the conspiracy. See U.S.S.G. Sec. 2D1.4, a.n. 1; U.S.S.G. Sec. 1B1.3, a.n. 1 (Nov. 1991). Appellant here in no way controverts the fact that he participated in the conspiracy for the entire time involved, or that the drugs attributed to the conspiracy were foreseeable to Appellant.
 
 
 26
 Next, Appellant argues that his sentence should not have been enhanced for a leadership role, claiming that it was Steven Brees, not Appellant, who was the leader of the conspiracy, and that his buyer, Jerry Williamson, was more culpable. A number of the factors listed in U.S.S.G. Sec. 3B1.1, a.n. 3, including nature of participation, recruitment of accomplices, claimed right to a larger share of the fruits of the crime, etc., support the enhanced sentence. In any event, there may be more than one leader of a conspiracy. Id.; United States v. Barnes, 993 F.2d 680, 685-86 (9th Cir.1993). The district court did not err by increasing Appellant's offense level for being an organizer or leader of criminal activity.
 
 
 27
 Appellant argues that the court should have given him a reduction in his offense level for acceptance of responsibility. The district court's denial of a reduction in offense level for acceptance of responsibility is reviewed for clear error and will not be reversed unless it is without foundation. United States v. Hummasti, 986 F.2d 337, 339 (9th Cir.), cert. denied, 113 S.Ct. 2984 (1993). Appellant does not demonstrate a clear error in the district court's determination, because he obviously failed to demonstrate the behaviors normally associated with acceptance of responsibility and contested factual guilt up until the conviction. U.S.S.G. Sec. 3E1.1, a.n. 1, 2.
 
 
 28
 Appellant argues that he should have been sentenced under the Guideline for the possession of ephedrine (U.S.S.G. Sec. 2D1.11), not the Guideline for manufacture of methamphetamine (U.S.S.G. Sec. 2D1.1). Unfortunately for him, the jury found him guilty of the latter, as well as the former. There was ample testimony by coconspirators that linked him to the conspiracy and the manufacturing, and we have already concluded that none of it was admitted in error. Moreover, as the government observes, U.S.S.G. Sec. 2D1.11 was not effective until November 1, 1991, after Appellant was sentenced, and, even if it were effective, directs the court to sentence under Sec. 2D1.1 wherever applicable. See U.S.S.G. Sec. 2D1.11(c)(1). There was no error in using Sec. 2D1.1 to compute Appellant's base offense level.
 
 
 29
 Appellant also argues that the district court erred in accepting the rate used by the presentence report in converting ephedrine to methamphetamine for sentencing purposes. In fact, the court expressly rejected the notion that it was calculating the offense level based on the amount of ephedrine going into the cooks, and instead relied on witnesses' testimony about the amount of end product of the "cooks," which easily exceeded the thirty kilograms necessary to mandate Appellant's base offense level. Therefore, Appellant exposes no error in the computation of his offense level.
 
 
 30
 Finally, Appellant claims that his sentence should be reduced because of disparity between his sentence and that of his codefendants, who did not go to trial. The best argument that Appellant can muster for this proposition is that the Tenth Circuit has expressed some concern about wildly disparate sentences among defendants based on whether or not they go to trial. See United States v. Evans, 970 F.2d 663 (10th Cir.1992), cert. denied, 113 S.Ct. 1288 (1993). In this case, Appellant received a sentence about twice that of the other most culpable codefendant, Steve Brees. This sort of difference does not seem wildly out of proportion for failure to cooperate. In any event, as the government argues, Appellant actually received the minimum sentence under the guidelines for his conviction, and disparity is not generally a ground for downward departure from the Guidelines. United States v. Mejia, 953 F.2d 461, 468 (9th Cir.), reported as amended, 92 Daily Journal DAR 4050, 1992 U.S.App. LEXIS 5142 (1992). A discretionary refusal to depart is, moreover, not reviewable. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 
 31
 Appellant's arguments for a reduction in his sentence all fail. There was no error in Rich's sentence.
 
 VII. CONCLUSION
 
 32
 We find no error in any of the actions of the district court. Appellant's conviction and sentence are AFFIRMED.
 
 
 
 *
 Hon. Leonard I. Garth, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's own motion for vindictive prosecution referred only to the firearms count. Appellant argues that the issue was raised below. The district court did rule on a selective prosecution motion by defendants Spence and Cindy Brees, but Appellant did not join in that motion