37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael MUNOZ-CARRERA, Defendant-Appellant.
 No. 94-10026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 7, 1994.
 
 Before: SKOPIL, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Munoz-Carrera appeals his conditional guilty plea conviction for possession with intent to distribute between 50 and 100 kilograms of marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Munoz-Carrera challenges the district court's denial of his motion to suppress marijuana seized from the pickup truck he was driving at the time of his arrest. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Law enforcement officers may conduct a warrantless search of a vehicle if they have probable cause to believe it contains contraband. Arkansas v. Sanders, 442 U.S. 753, 760 (1979). Probable cause exists if "there is a fair probability that contraband ... will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 4
 We agree with the district court that the search here was supported by probable cause.[1] On March 9, 1993, Customs Agent Duck learned from a reliable informant that an older white flatbed Ford pickup truck would be transporting marijuana from a residence in Sasabe to Tucson via Route 286. According to the informant, backpackers would enter the United States later that night and deliver the marijuana to the Sasabe residence, where it would be loaded on the truck with firewood placed on top of it. The truck would then travel to Tucson the next time that a scheduled delivery of firewood was to occur.
 
 
 5
 Through independent police investigation, Agent Duck corroborated much of this information, including the recent backpacker activity in the area and the identity of the owner of the Sasabe residence, Humberto Felix. Duck further verified that Felix, whose criminal history included a prior marijuana charge, was in the business of importing firewood from Mexico into the United States. Shortly before 8:00 a.m. on March 11, a Customs inspector at the Sasabe port of entry observed firewood being loaded onto an older white Ford truck at the Felix residence. The Customs office in Sells was notified once the truck left the residence and headed north on Route 286.
 
 
 6
 Acting on this information, Customs Officer Thompson followed an older white truck driven by Munoz-Carrera as it travelled toward Tucson along the route specified by the informant. After stopping the truck, Officer Thompson verified that Munoz-Carrera was coming from Sasabe. At this point, the information provided by the informant, corroborated in part by the Customs agents, gave Officer Thompson probable cause to believe the truck contained marijuana. See United States v. Diaz-Rosas, 13 F.3d 1305, 1307 (9th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 1848 (1994).
 
 
 7
 We reject Munoz-Carrera's argument that probable cause was lacking because the Customs agents corroborated nothing more than innocent activity. His reliance on United States v. Mendonsa, 989 F.2d 366 (9th Cir.1993), and United States v. Larkin, 510 F.2d 13 (9th Cir.1974), is misplaced. Both of these cases involved tips from informants whose reliability had not been proven. They are therefore distinguishable from this case, where the informant's reliability had been established in six prior investigations that resulted in drug seizures.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We therefore do not address Munoz-Carrera's argument that he did not knowingly and voluntarily consent to the search of the truck